**David Anthony STEBBINS,**
**Plaintiff–Appellant,**

v.

**MICROSOFT CORPORATION,**
**Defendant–Appellee.**

No. 12–35082.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2013.*

Filed May 30, 2013.

David Anthony Stebbins, Harrison, AR, pro se.

John Goldmark, Stephen M. Rummage, Esquire, Davis Wright Tremaine LLP, Seattle, WA, for Defendant–Appellee.

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

MEMORANDUM **

David Anthony Stebbins appeals pro se from the district court's judgment dismissing his action to enforce an arbitration award under the Federal Arbitration Act. We review de novo a dismissal for failure to state a claim, *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.2005), and for an abuse of discretion the denial of reconsideration, *Sch. Dist. No. 1J, Multnomah*

*Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993). We affirm.

The district court properly dismissed Stebbins's action because Stebbins's unilateral amendments to an existing contract with Microsoft Corporation did not give rise to a valid agreement to arbitrate between the parties. *See First Options v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (state law principles of contract formation generally govern the determination of whether the parties agreed to arbitrate a certain matter); *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wash.2d 171, 94 P.3d 945, 949 (2004) (under Washington state law, "the parties must objectively manifest their mutual assent" to form a contract).

The district court did not abuse its discretion in denying reconsideration because Stebbins failed to establish grounds for such relief. *See Sch. Dist. No. 1J*, 5 F.3d at 1263 (discussing grounds for reconsideration under Fed.R.Civ.P. 59(e) and 60(b)).

Stebbins's contentions regarding defendant's alleged control over the district court are unpersuasive.

We do not address arguments allegedly incorporated by reference on appeal. *See Acosta–Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir.1992) (arguments not expressly discussed in the opening brief are deemed waived).

Stebbins's motion to file a supplemental brief, filed on March 12, 2012, is denied as moot and his motion for a stay is denied.

Stebbins's motion to clarify this court's April 9, 2012 order, filed on April 9, 2012, is granted in part, and the Clerk is directed to file an amended order clarifying that

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

its March 20, 2012 order, not the June 30, 2009 order, is vacated.

Stebbins's "Motion to not schedule oral argument or in the alternative for leave to participate in oral argument by telephone or in the alternative for appointment of counsel [for oral argument]," filed on June 16, 2012, is denied.

Microsoft's motion to file late Excerpts of Record, filed on March 19, 2013, is granted.

**AFFIRMED.**